UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LOVENSON ALLEN MOSE,

    Plaintiff,

v.                                                                    Case No. 3:18cv493-LC-CJK

J. JONES, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This cause is before the court on plaintiff's amended civil rights complaint. (Doc. 13). Upon review of the amended complaint, the undersigned concludes: (1) plaintiff's Eighth Amendment claim against defendants Jones and Bryant should be dismissed for failure to state a claim upon which relief can be granted; and (2) plaintiff's Eighth Amendment claim against defendants Demontmollin and Nelson should be referred to the undersigned for further proceedings.

BACKGROUND

Plaintiff is currently an inmate of the Florida Department of Corrections ("FDOC") confined at Apalachee Correctional Institution. The amended complaint names four defendants: (1) Julie Jones, the Secretary of the FDOC; (2) Demontmollin, a correctional officer at Century Correctional Institution ("Century CI"); (3) Nelson, a nurse at Century CI; and (4) Bryant, the Warden of Century CI.

The amended complaint sets forth the factual allegations that follow, the truth of which is accepted for purposes of this Report and Recommendation.

On December 5, 2017, correctional officers at Century CI placed plaintiff in a shower stall pending a transfer to a new cell. Plaintiff "did mention that he suffer from chronic seizures." As he was waiting to enter the new cell, plaintiff saw an inmate lying on the lower bunk. Plaintiff told Officer Demontmollin he could not sleep on a top bunk and he had a low-bunk pass in the officer's station. Demontmollin stated, "I don't [give] a damn about no check-in," and told plaintiff that if he refused to take the top bunk, Demontmollin would spray plaintiff with chemical agents. Plaintiff entered the cell "again stressing the point that medical can be contacted concerning [his] low bunk pass."

Between 10:30 p.m. and 11:40 p.m., plaintiff experienced a seizure and fell from the top bunk. At the medical unit, he reported low back pain and "numbness and pain generating through right shoulder down into [his] hand." During Nurse Nelson's examination, correctional officers expressed "menacing sentiment[s] about [plaintiff's] symptoms." Plaintiff says the correctional officers' actions caused Nurse Nelson to falsify medical records about the extent of plaintiff's injuries, which continue to cause him pain.

Based on the foregoing, plaintiff alleges the defendants violated the Eighth Amendment. As relief, he seeks compensatory damages of $150,000 and punitive damages of $150,000.

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In applying the standard, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'") (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

The amended complaint fails to state an Eighth Amendment claim against Secretary Jones or Warden Bryant. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'" *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (*quoting Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)). The Eleventh Circuit in *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008), set forth the limited circumstances in which a causal

connection can be shown sufficient to render a supervisor liable on a § 1983 claim. The causal connection can be established:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id*. at 1322 (*citing West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir. 2007)).

The amended complaint does not allege defendants Jones or Bryant personally participated in any of the events on December 5, 2017. And plaintiff does not allege a causal connection between the actions of Jones and Bryant and any alleged constitutional violation. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("[S]ection 1983 requires proof of an affirmative causal connection between [a defendant's] acts or omissions and the alleged constitutional deprivation.") (citation omitted). Thus, Jones and Bryant cannot be held liable for the alleged conduct of Demontmollin and Nelson. *See Braddy v. Fla. Dep't of Labor & Emp't Sec.,* 133 F.3d 797, 802 (11th Cir. 1998) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous.").

Plaintiff also cannot state an Eighth Amendment claim against Jones and Bryant based on their responses to grievances. Merely denying a grievance without

personally participating in the unconstitutional conduct brought to light by the grievance is insufficient to establish § 1983 liability. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory official who denied administrative grievance and otherwise failed to act based on information contained in the grievance). Plaintiff, therefore, cannot state a claim against either Jones or Bryant.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's Eighth Amendment claim against defendants Jones and Bryant be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

2. That this matter be referred to the undersigned for further proceedings on plaintiff's Eighth Amendment claim against defendants Demontmollin and Nelson.

3. That plaintiff be ordered to submit two service copies of the amended complaint.

Case No. 3:18cv493-LC-CJK

DONE AND ORDERED this 23rd day of October, 2018.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.