UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LOVENSON ALLEN MOSE,

     Plaintiff,

v.                            Case No. 3:18cv493-LC-HTC

DEMONTMOLLIN,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Lovenson Allen Mose, proceeding *pro se* and *in forma pauperis*, files this action under 42 U.S.C. § 1983, alleging Defendant Demontmollin violated his Eighth Amendment right against cruel and unusual punishment by throwing away his low bunk pass and making him sleep on a top bunk, from which he subsequently fell after suffering from a seizure.[1] On December 23, 2019, Defendant Demontmollin filed a motion for summary judgment. ECF Doc. 56. The motion has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon consideration of Defendant's motion, Plaintiff's second amended complaint (ECF

---

[1] Plaintiff's second amended complaint (ECF Doc. 24) also names Jane Doe Nelson as a Defendant. However, on October 30, 2019, all of Plaintiff's claims against Defendant Nelson were dismissed and Defendant Nelson was terminated as a party to this action. *See* ECF Doc. 54 (adopting report and recommendation at ECF Doc. 52).

Doc. 24), and the relevant law, and after giving Plaintiff an opportunity to respond, the undersigned recommends that Defendant's motion be DENIED as to the Eighth Amendment claim and GRANTED as to the compensatory and punitive damages.

## I.    BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Apalachee Correctional Institution.    The allegations in Plaintiff's second amended complaint relate to an incident that occurred while Plaintiff was at Century Correctional Institution ("Century CI").  ECF Doc. 24.  The crux of Plaintiff's allegations are as follows:

On December 5, 2017, Plaintiff was transferred to a new cell by officers at Century CI.  He told Defendant Demontmollin that he suffered from chronic seizures, that he could not sleep on a top bunk, and that he had a valid low-bunk pass.  According to Plaintiff, Defendant Demontmollin responded that he would spray Plaintiff with chemical agents if he did not "go in the room on the top bunk." *Id.* at 5.  Defendant Demontmollin also told Plaintiff that "he had destroyed, tore up [Plaintiff's low bunk] pass etc." and, thus, Plaintiff was "forced to attempt to sleep on the top bunk." *Id.* at 5-6.

Later that evening, Plaintiff alleges he had a seizure, which resulted in him falling from the top bunk and injuring himself.  *Id.* at 6.  As a result of his fall, Plaintiff alleges he experienced a "crashing blow to the back/head." *Id.* at 12.  He

alleges he "suffered damage to the back, neck, and head etc." and "a sever[e] level of pain." *Id.* at 12. He alleges he had "pain in lower back numbness and pain generating through right-shoulder down into [his] hand etc.," and that his injuries continued to cause him "great and dire pain" through March 11, 2019, the date he filed his second amended complaint. *Id.* at 6.

Based on the foregoing, Plaintiff alleges Defendant Demontmollin was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. *Id.* at 7. As relief, he seeks compensatory damages, punitive damages, and "any and all other relief just and fair." *Id.*

## II.   SUMMARY JUDGMENT STANDARD

To prevail on his motion for summary judgment, Defendant must show that Plaintiff has no evidence to support his case or present affirmative evidence that Plaintiff will be unable to prove his case at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If Defendant successfully negates an essential element of Plaintiff's case, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 248 (1986). An issue of fact is material if it is a legal element of the claim,

under the applicable substantive law, which might affect the outcome of the case. *See id.*; *accord Tipton v. Bergrohr GMBH–Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).

The Court must view all the evidence, and all factual inferences reasonably drawn from the evidence, "in the light most favorable to the non-moving party." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust Co. v. Fidelity and Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). The Court is not obliged, however, to deny summary judgment for the moving party when the evidence favoring the nonmoving party is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249–50 (citations omitted). "A mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice" to demonstrate a material issue of genuine fact that precludes summary judgment. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting *Anderson*, 477 U.S. at 242). Additionally, "conclusory allegations without specific supporting facts have no probative value," and are legally insufficient to defeat summary judgment. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (citations omitted).

## III.  DISCUSSION

Defendant argues he is entitled to summary judgment on Plaintiff's Eighth Amendment claim because Plaintiff cannot prove he has suffered *any* injury as a result of his fall, and therefore cannot demonstrate an injury caused by Defendant's alleged wrongful conduct, an essential element of a deliberate indifference claim. Additionally, Defendant moves for judgment on Plaintiff's claim for compensatory and punitive damages, arguing that even if Plaintiff suffered an injury, it was not more than a *de minimis* physical injury.  In support of Defendant's motion, he relies on the Declaration of Kellie Caswell, RN, BSN, a Legal Nurse Consultant for the Office Health Services for the FDOC, and on Plaintiff's medical records.

Plaintiff was given an opportunity to file a response to Defendant's motion, but he failed to do so.  Thus, Plaintiff has presented no evidence to dispute Caswell or the medical records.  Nonetheless, in determining whether to grant Defendant's motion, the Court will consider the non-conclusory factual allegations contained in his second amended complaint.  *See Sammons v. Taylor*, 967 F.2d 1533, 1545 n.5 (11th Cir. 1992) ("[F]acts alleged in [a prisoner's] sworn pleading are sufficient and … a separate affidavit is not necessary."); *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986) (holding specific facts pled in a sworn complaint must be considered in opposition to a motion for summary judgment).

## A.    The Injury Requirement Under the Eighth Amendment

To state a claim for deliberate indifference to a serious medical need, a plaintiff must demonstrate that (1) he had a serious medical need; (2) the defendant acted with deliberate indifference to his serious medical need; and (3) he suffered an injury caused by the defendant's wrongful conduct.  *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007).  Since it is only the last element that Defendant disputes, the undersigned will discuss only that element.

In his amended complaint, Plaintiff alleges he "suffered damage to the back, neck, and head etc." and "a sever[e] level of pain." *Id.* at 12.  He alleges pain in his "lower back" that generated "through [his] right-shoulder down into [his] hand," and which persisted for more than a year after the alleged fall, through when the complaint was filed on March 11, 2019.  *Id.* at 6.  Defendant argues that Plaintiff's medical records demonstrate he suffered no such injuries and that Plaintiff's allegations of having suffered any injury from the fall are "blatantly contradicted by his contemporaneously-created medical records such that no reasonable jury could believe it."  ECF Doc. 56 at 11.  Defendant relies on the following facts: (1) medical staff noted no visual swelling, bruising, or injuries immediately following the accident, *see* ECF Doc. 56, Exhibit B at 131-32; (2) Plaintiff was provided multiple x-rays that came back normal following the accident, *see id.* at 29, 31, 89; and (3) a

medical provider opined that Plaintiff has psychosomatic symptoms regarding his back pain, *see id.* at 79.

After reviewing the medical records and the allegations in Plaintiff's complaint, however, the undersigned disagrees. The medical records show that Plaintiff complained of headaches and back pain after the fall and that he was treated with ibuprofen, a back brace, and pain medication. ECF Doc. 56-1 at 2-3. Moreover, although the medical records indicate that Plaintiff's allegations of pain may have been psychosomatic and he was given a back brace and pain medication because of his "mental IQ and obsession over the incident," the fact that Plaintiff's physical pain may have been brought about by his mental state does not necessarily render the pain any less of an injury. *See Collins v. Walsh*, 2010 WL 3810626, at *4 (M.D. Pa. Sept. 22, 2010) (finding that plaintiff's claims he suffers from "mental and emotional distress, pain and suffering, psychological injuries and psychosomatic conditions" was sufficient to survive a motion to dismiss).

The injury element of Plaintiff's deliberate indifference claim requires him to show that he was injured – not that he was seriously injured or that the injury was more than *de minimis*, but simply that he suffered some injury. *See Hudson v. McMillian*, 503 U.S. 1 (1992) (holding that a prisoner can state an Eighth Amendment claim regardless of "whether or not significant injury is evident. Otherwise, the Eight Amendment would permit any physical punishment, no matter

how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.").

Accordingly, a reasonable jury could find that Plaintiff suffered an injury from the

fall and, thus, Defendant is not entitled to summary judgment on the Eighth

Amendment claim.

### B.    Compensatory or Punitive Damages

Defendant also argues that, even if Plaintiff is allowed to proceed on his

Eighth Amendment claim, his recovery should be limited to nominal damages

because any injury he suffered from the fall was not more than a *de minimis* injury.

Again, Defendant relies on Plaintiff's medical records and argues the records

blatantly contradict Plaintiff's allegations of severe or persistent pain as well as

damage to his back, head, and shoulders from the fall. On this point, the undersigned

agrees.

Although the severity of Plaintiff's injury does not go to whether he has

suffered an injury for purposes of stating a claim under the Eighth Amendment for

medical deliberate indifference, it does go to the question of whether Plaintiff's

recovery should be limited to nominal damages (i.e., $1.00). It is well settled in the

Eleventh Circuit that an inmate cannot recover compensatory or punitive damages

for a constitutional violation unless he can demonstrate a more than *de minimis*

physical injury. *See Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015)

(collecting cases construing § 1997e(e) of the Prison Litigation Reform Act). Where

the physical injury is *de minimis* or, in some circumstances, where there is no physical injury, the plaintiff can recover only nominal damages. *Id*. Although the Eleventh Circuit has not adopted a strict definition of "*de minimis*," it has acknowledged an injury is more than *de minimis* if it is "an observable or diagnosable medical condition requiring treatment by a medical care professional." *Thompson v. Sec'y, Fla. Dep't of Corrections*, 551 F. App'x 555, 557 n.3 (11th Cir. 2014).

Generally, a defendant is not entitled to summary judgment just because a Plaintiff's allegations of the severity of his injury are not supported by the medical records. Instead, discrepancies between Plaintiff's description of his injuries and the medical records merely establish that a genuine dispute exists concerning Plaintiff's injuries. *See Reid v. Sec'y, Fla. Dep't of Corr.*, 486 F. App'x 848, 852 (11th Cir. 2012) ("[w]hile it is true that [the inmate's] medical records do not support the version of the facts he presents in his affidavit, all this means is that there is conflict in the evidence, which we must resolve at the summary judgment stage in [the inmate's] favor"); (citing *Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1266 n. 1 (11th Cir. 2006)); *Bowden v. Stokely*, 2013 WL 4500462 *14 (M.D. Fla. Aug. 22, 2013) ("[t]o the extent Plaintiff's allegations[] of multiple injuries may be perceived as somewhat exaggerated and unsupported by the medical records, at this

stage of the proceedings, the Court is unwilling to wholly discredit his version of events").

However, "because at summary judgment we are beyond the pleading phase of the litigation, a plaintiff's version of the facts must find support in the record: more specifically, as with any motion for summary judgment, when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts." *Thomson v. Salt Lake County,* 584 F.3d 1304, 1312 (10th Cir. 2009) (internal quotations and citations omitted).   Although the blatantly contradictory evidence was video evidence in *Scott v. Harris*, 550 U.S. 372 (2007)*,* the Supreme Court held in that case that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*. at 380.  Additionally, a plaintiff opposing a motion for summary judgment generally "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

As stated above, in Plaintiff's second amended complaint, he alleges he "suffered damage to the back, neck, and head etc." and "a sever[e] level of pain." *Id.* at 12.  He also complains about pain in his "lower back" that generated "through

[his] right-shoulder down into [his] hand." *Id.* at 6.  The undersigned finds that Plaintiff's allegations of "damage" are general and conclusory and, further, belied by the medical records.

Plaintiff was assessed by medical personnel at 10:25 PM, immediately after the fall, for complaints of pain on the left side of his lower back.  Medical personnel reported seeing "no visual swelling, bruising or injuries."  ECF Doc. 56-1 at 2.  The records also indicate that Plaintiff had multiple x-rays on his back, head, and shoulder and all the x-rays came back negative.  *Id.* at 2.  Medical records also indicate that even though he complained of difficulty sitting and standing in June 2018, he was observed doing all of those activities unassisted.  *Id.* at 3.  Medical records also indicate that "there was no paralumbar edema, discoloration, tenderness or spasm."  *Id.*

Additionally, although Plaintiff sought medical care for his injuries the night of the fall, and continued to be seen by medical personnel for various complaints, he made no complaints about injuries to his right hand, arm, or shoulder until October 2018, and no complaints about pain in his left shoulder until May 2018, when he complained of "tingling and shaking" in his hands (which doctors noted could be a side effect of his seizure medication).  *Id.* at 2-3.

This is not a case where the medical records are merely unsupportive of Plaintiff's allegations or where Plaintiff was not specifically assessed for alleged

injuries arising from the fall.  *See Hall v. Bennett*, 447 F. App'x 921, 923–24 (11th Cir. 2011) (affirming denial of summary judgment where "the report does not establish the extent of the examination or flatly refute [plaintiff]'s version of the events").  Instead, Plaintiff's medical records are directly contrary to Plaintiff's allegations of "damage."  In other words, there cannot be physical damage to Plaintiff's head, back and, neck when there was no observable swelling, bruising or injury and all x-rays of those areas have been negative or within normal limits.

Thus, the only injury before the Court is Plaintiff's subjective allegations of pain.  The medical records show that Plaintiff complained about pain in his back, head, and shoulders on multiple occasions for a continuous period of time.  Plaintiff alleges in his complaint that the pain was "severe," but the records also show he was treated for the pain with ibuprofen and a brace.

Plaintiff's subjective allegations of generalized pain, which were treated with non-prescription medications, however, do not constitute a more than *de minimis* physical injury.  *See Johnson v. Moody*,  206 F. App'x 880, 885 (11th 2006) ("the fact that Johnson made sick call requests does not mean that his subjective complaints of pain were accurate or that his injury was serious.  The medical records bely his claim that his injury was not *de minimis* because he was given a tetanus shot, and he was subsequently treated with bandages and nonprescription pain relievers.  Johnson's finger was not broken or fractured, and there is no evidence

that he suffered any permanent injury or debilitating pain."). Like the Plaintiff in *Johnson*, Plaintiff suffered no broken bones or fractures or any injuries that were visible on an x-ray or with the naked eye. Moreover, he has not alleged that his pain is debilitating or permanent. Thus, the undersigned finds that no reasonable jury could find that Plaintiff suffered a more than *de minimis* injury when he allegedly fell off the top bunk.

Accordingly, based on the record before the Court, the undersigned recommends that Defendants' motion for summary judgment as to Plaintiff's claims for compensatory and punitive damages be granted. Plaintiff's damage recovery, if any, should be limited to only nominal damages of $1.00.

## IV. CONCLUSION

Accordingly, it is respectfully RECOMMENDED that:

Defendant's motion for summary judgment (ECF Doc. 56) be DENIED in part and GRANTED in part, as set forth herein.

Done at Pensacola, Florida this 9th day of March, 2020.

*s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not</u>

control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.