UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LOVENSON ALLEN MOSE,

    Plaintiff,

v.     Case No. 3:18cv493-MCR-HTC

J. DEMONTMOLLIN,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion to Withdraw Demand for Jury Trial and Strike Plaintiff's Demand. ECF Doc. 76. Plaintiff did not file an objection to the motion. *See* ECF Doc. 77 (directing the Plaintiff to respond by August 26, 2020). Upon consideration, the undersigned recommends that the motion be granted. Notably, the undersigned finds that the Plaintiff is not entitled to a jury trial as the Court has previously determined that Plaintiff is only entitled to the recovery of nominal damages.

As set forth in more detail in the undersigned's Report and Recommendation on Defendant's motion for summary judgment, (ECF Doc. 58), Plaintiff, a *pro se* prisoner, sues Defendant for violating his Eighth Amendment claim by throwing away his low bunk pass and making him sleep on a top bunk. As a result, Plaintiff alleges he fell after suffering a seizure and that the fall caused him pain in his lower

back.  Plaintiff demanded a trial in his second amended complaint (ECF Doc. 20) and Defendant demand a trial in his answer (ECF Doc. 33).

After the close of discovery, Defendant moved for summary judgment arguing that (1) Plaintiff suffered no injury and, alternatively, (2) Plaintiff is not entitled to compensatory or punitive damages as Plaintiff has not suffered a more than *de minimis* injury.  ECF Doc. 56.  The Court found that a dispute of fact existed as to whether Plaintiff suffered *any* injury but agreed that the medical records blatantly contradicted Plaintiff's claims that he suffered a more than *de minimis* injury.  ECF Doc. 58.

Defendant now moves to withdraw his jury demand and strike the Plaintiff's demand on the grounds that Plaintiff is no longer entitled to a jury trial.  As such, Defendant argues that he is entitled to unilaterally withdraw his consent.  The undersigned agrees.

Federal Rule of Civil Procedure 39 provides, in pertinent part, that "[w]hen a jury trial has been demanded under Rule 38, the action must be docketed as a jury action.  The trial on all issues so demanded must be by jury unless: …. (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."  Thus, as an initial matter, the undersigned finds that Defendant may move to unilaterally withdraw his demand and seek to have the court strike Plaintiff's jury demand.  Moreover, while Rule 38 requires consent of the parties to

withdraw a jury demand, that Rule applies only to cases where there is a right to a jury trial under the Seventh Amendment.  *See FN Herstal SA v. Clyde Armory, Inc.*, 838 F. 3d 1071, 1088 (11th Cir. 2016) ("Rule 38 provides for a jury trial only where the right is 'declared by the Seventh Amendment to the constitution' or 'provided by a federal statute.'").

There is, however, no right to a jury trial when the only damages available to the Plaintiff are nominal damages.  *See Robinson v. Larson*, 3:13-cv-387-LC-CJK, 2018 WL 6028819, at *1 (N.D. Fla. October 17, 2018).  While this issue has not been specifically addressed by the Eleventh Circuit, it has been by other circuits and by judges in this district.  In *Robinson*, for example, Judge Kahn identified several cases from other circuits, including the Second, Fourth, and Eighth, which have held that there is no right to a jury trial when a plaintiff is limited to recovering nominal damages.  *See id.*, at *2; *see also, Merritt v. Stokes*, 3:16-cv-412-RV-HTC (finding *Robinson* persuasive, Judge Vinson granted a motion to withdraw a jury demand and strike plaintiff's demand, after adopting the Magistrate Judge's Report and Recommendation recommending that only the plaintiff's First and eight Amendment claims for nominal damages be allowed to proceed to trial).

Finally, the undersigned finds that there is no prejudice to the Plaintiff in granting this motion.  Although this matter has been referred to trial, it has not been

set for trial, and thus the motion is timely.  Moreover, as stated above, Plaintiff did not file an objection to the motion.

Accordingly, it is respectfully recommended that Plaintiff's motion to withdraw jury demand and to strike Plaintiff's jury demand (ECF Doc. 76) be GRANTED.

DONE AND ORDERED this 1st day of September, 2020.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:18cv493-MCR-HTC